**Rabb v. Matthews**

*Annaliese P. Masser,* for plaintiff.
*James R. Liberto,* for defendant.

BLAHOVEC, *J.,* September 28, 1992—The matter before the court for determination is a request for additional blood testing made by the Child Support Advocate on behalf of the plaintiff. A brief recitation of the facts is warranted.

On March 23, 1990, plaintiff filed a complaint for support against defendant seeking support for the child Alexander Goshorn, born March 4, 1990. Defendant denied paternity, and Roche Biomedical Laboratories was appointed to perform HLA blood testing by order of this court dated June 15, 1990. Initially plaintiff was represented by the District Attorney's Office and presently by the Child Support Advocate. A stipulation was signed by both parties and their counsel on June 15, 1990 and approved by the court, making the blood tests admissible.

Plaintiff's husband, Virgil Rabb, was excluded from paternity as shown by a test report dated February 5,

1991. Testing of plaintiff, Alexander and defendant led to a report from Roche dated the same day which shows a probability of paternity of 98.89 percent and that the defendant cannot be excluded as Alexander's father.

Counsel for plaintiff does not allege that the HLA testing performed by Roche was inaccurate, but rather that a more definitive test, DNA testing, is now readily available. Counsel expressed concern over the holding of a panel of the Superior Court in *Stahli v. Wittman,* 412 Pa. Super. 281, 603 A.2d 583 (1992) that blood cell antigen typing (HLA) testing does not fall within the provisions of the statute, 23 Pa.C.S. 4343(c)(2), that "genetic test results shall be considered prima facie evidence of paternity." Such testing merely provides some evidence from which the fact finder may make an affirmative finding of paternity and is not prima facie evidence of paternity. Counsel for plaintiff argues that DNA testing would be viewed as prima facie evidence of paternity and her client is prejudiced by not having this evidence available.

Counsel for defendant argues that a further blood test would violate his client's Fourth and 14th Amendment rights. He cites *Koleski v. Park,* 363 Pa. Super. 22, 525 A.2d 405 (1987). In that case the Superior Court stated that duplicate blood tests may only be ordered if the proponent proves by a preponderance of the evidence during a hearing, that the initial blood tests were defective and that subsequent testing is required for an accurate determination of paternity. In the present case, counsel for plaintiff admitted she cannot show that the initial blood test was defective. She argues that, in effect, DNA is a more accurate test than HLA, while not alleging that the HLA test is inaccurate.

248

This court is unable and unwilling to determine that DNA is more accurate than HLA so that it should be ordered in every case pending wherein only HLA tests have been conducted. The use of HLA tests in paternity cases has been well-established over a period of years. This court believes that if it were to order DNA testing in this case, it would have to do so in every case even where there is no allegation that HLA testing is defective or inaccurate. Such a determination should be made by the legislature or the appellate courts of the Commonwealth. This court holds that unless HLA blood testing has been shown to be defective by a preponderance of the evidence, it will not order a subsequent DNA test merely because that test might satisfy the *Stahli* criteria for prima facie establishment of paternity. Accordingly the request for a second blood test is denied.

### ORDER OF COURT

And now, September 28, 1992, after consideration of the arguments of counsel, it is hereby ordered and decreed that plaintiff's request for additional blood testing is denied.